ESTATE OF JOSEPH K. CASS, DECEASED, BY CHARLES A. CASS AND ANNE C. WOODLE, EXECUTORS, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 646. Promulgated April 4, 1944.

*John N. Penick, Esq.*, for the petitioners.
*Bernard J. Long, Esq.*, for the respondent.

SMITH, *Judge*: This is a proceeding for the redetermination of a deficiency in estate tax in the amount of $49,530.23. The petition alleges that the respondent erred in his determination of the deficiency as follows:

(a) By including in the gross estate (Transfers During Decedent's Life— page 2 of the deficiency notice) the remainder values of the trust created by the decedent on July 24, 1918, as amended on November 16, 1922, after the death of the life beneficiary as "transfers intended to take effect in possession and enjoyment at or after his death" within the meaning of § 302 (c) of the Revenue Act of 1926, as amended.

(b) By including in the gross estate (Transfers During Decedent's Life—page 2 of the deficiency notice) the remainder values of the trust created by the decedent on July 5, 1928, after the death of the life beneficiary as "transfers intended to take effect in possession and enjoyment at or after his death" within the meaning of § 302 (c) of the Revenue Act of 1926, as amended.

(c) By allowing as a deduction executors' commissions in the sum of $34,910.34, only, the amount of such commissions as computed by the Internal Revenue Agent in Charge.

(d) By failure to credit an additional payment of $20,000 made by the executors on account of this liability.

The stipulation of facts filed by the parties in this case is adopted as our findings of fact. It settles several of the controverted points.

The petitioners are the executors of the estate of Joseph K. Cass, who died a resident of and at Irvington, Westchester County, New York, on November 1, 1938. The estate tax return was filed on January 31, 1940, with the collector of internal revenue for the fourteenth district of New York at Albany.

The only question for our determination is whether the remainder values of the corpora of two *inter vivos* trusts created by the grantor by instruments dated July 24, 1918 (as amended July 16, 1922), and July 5, 1928, after deducting the value of the interests of the life tenant, are includible in the decedent's gross estate as transfers intended to take effect in possession or enjoyment at or after his death within the meaning of section 302 (c) of the Revenue Act of 1926, as amended.

The trust instruments above referred to are irrevocable and the decedent retained no right to alter, amend, modify, or direct the investments of the corpus in either.

The first trust, as amended, provided the income was to be paid to decedent's brother, George W. Cass, if living, and after his death to decedent's sister for life, and thereafter the principal was to be paid to decedent's grandchildren. At his death decedent left surviving him the following beneficiaries (all younger than he was) of said trust: His sister, aged 83, and six grandchildren, aged 30, 28, 25, 24, 23, and 17 years, respectively.

564

The second trust provided that the income was to be paid to decedent's sister for life and upon her death the principal was to be paid to decedent's children and issue of any deceased children her surviving. The decedent retained no right of reversion whatever in himself. At his death the decedent left the following beneficiaries, all younger than he, of said trust: His sister, aged 83, two children aged 58 and 50, a grandson, son of a deceased daughter, aged 30, and five other grandchildren aged 28, 25, 24, 23, and 17.

In his deficiency notice the respondent states:

> The remainder values of the trust created by the decedent on July 24, 1918, as amended on November 16, 1922, and of the trust created July 5, 1928, after the death of the life beneficiary, are included in the decedent's gross estate as transfers intended to take effect in possession and enjoyment at or after his death, as provided by Section 302 (c) of the Revenue Act of 1926, as amended.

The respondent contends that the remainder values of these two trusts are includible in decedent's gross estate for the reason that there was a possibility of the trust property reverting to decedent or his estate by operation of law. The respondent admits that: "The views of this court, as expressed in a consistent line of decisions, are opposed to this contention of respondent." He then cites *Estate of Flora W. Lasker*, 47 B. T. A. 172, pending on appeal before the Circuit Court of Appeals for the Seventh Circuit; *Estate of Edward E. Bradley*, 1 T. C. 518; *Estate of Charles Delany*, 1 T. C. 781, pending on appeal before the Circuit Court of Appeals for the Third Circuit; *Estate of Harry A. Worcester*, 47 B. T. A. 909, pending on appeal before the Circuit Court of Appeals for the Sixth Circuit; and *Estate of Mabel H. Houghton*, 2 T. C. 871, and numerous memorandum opinions of this Court.

Our decision in *Estate of Edward E. Bradley*, *supra*, was affirmed by the Circuit Court of Appeals for the Second Circuit, *sub nom. Helvering* v. *Washington Trust Co.*, 140 Fed. (2d) 87. The Circuit Court pointed out that in *Helvering* v. *Hallock*, 309 U. S. 106, which is the basis of the respondent's contention:

> * * * The settlor had provided that, if he survived his wife—who had a life estate—the remainder went to him; but if she survived him, the remainder went to her. All that was decided was that, when that was the intent, it made no difference what was the form of words used. It was enough that the settlor's death cut off an interest which he had reserved to himself upon a condition then determined; that made the remainder a part of his estate. * * *

In the trust instruments with which we are here concerned the grantor made no provision for a reversion of the trust assets to himself or to his estate. He attached no string to his gifts. They were absolute gifts. True, by some contingency, such as the deaths of all who would take under the trust instruments before the decedent, the remainder value of the trust assets might return to him or his estate by operation of law. But this is a situation which is common to many trusts. See *Commissioner* v. *Kellogg*, 119 Fed. (2d) 54. Whenever a

person makes a gift to a parent or to a son or daughter there is, of course, a possibility that by reason of the death of the donee the property may come back to the donor. Where, however, the gift is absolute its value is not to be included in the gross estate of the donor, provided it was not made in contemplation of death and that it took effect immediately. Notwithstanding the discussion found in *Estate of Ellen Portia Conger Goodyear*, 2 T. C. 885, and some of our other cases, of the probability of a reversion of the trust assets of the grantor, we do not think that the doctrine of the *Hallock* case applies where there has been no express retention by the grantor of any reversionary rights in the trust assets.

Reviewed by the Court.

*Decision will be entered under Rule 50.*

MURDOCK, LEECH, and OPPER, *JJ.*, concur only in the result.

MELLOTT, *J.*, dissents.