ESTATE OF THOMAS P. LEAMAN, DECEASED, STANLEY GRAY HORAN, AS EXECUTOR OF THE LAST WILL AND TESTAMENT OF THOMAS P. LEAMAN, DECEASED, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 3848.   Promulgated September 11, 1945.

*John J. Smith, Esq.,* for the petitioner.
*Scott A. Dahlquist, Esq.,* for the respondent.

HILL, *Judge*: The Commissioner determined a deficiency in estate tax in the amount of $9,914.08. The issue is whether the corpus of a trust created by the decedent is to be included in his gross estate as a transfer intended to take effect in possession or enjoyment at death within the meaning of section 811 (c) of the Internal Revenue Code, where a reversionary interest was left in the decedent by operation of law.

The facts are found as stipulated, with the sole addition of the actuarial value, and may be summarized as follows:

Stanley Gray Horan is the executor of the estate of Thomas P. Leaman, deceased. He resides at Great River, New York. The estate tax return was filed by the executor with the collector of internal revenue for the first district of New York.

On July 1, 1911, the decedent, then 31 years of age, transferred certain property in trust, the value of which on the date of his death, December 7, 1941, was $90,406.51. The income of the trust was to be paid to the settlor during his life. At his death the corpus was to be conveyed by the trustee to such children of the settlor as survived him and by way of representation to the issue surviving him of any of his children who predeceased him. The trust was irrevocable. It was not made in contemplation of death. There was also a provision that if the settlor left a widow he could appoint by will up to one-third of the corpus to her. At the date of the creation of the trust decedent had two sons, one born in 1907 and the other in 1904. He left surviving him his widow, one son born in 1904, and an 8-year old daughter of that son. By his will the decedent exercised the reserved power of appointment for his widow. The actuarial value of decedent's possibility of reverter just prior to his death at age 61 was $1,139.12.

The main issue is whether the corpus of a trust created by the decedent in 1911 is to be included in the decedent's gross estate under section 811 (c) of the Internal Revenue Code as a "transfer * * * intended to take effect in possession or enjoyment at or after his death," because of the reversionary interest left in the decedent by operation of law.

Unlike *Estate of Harris Fahnestock*, 4 T. C. 1096, the *inter vivos* gifts created in this trust are conditioned on the recipients surviving the grantor. In order for the grantor's son, or the son's child in his place, to have taken the remainder interest, he had to survive the grantor. We have here that which the Supreme Court in *Helvering v. Hallock*, 309 U. S. 106, 110, found to be the important sameness in *Klein* v. *United States*, 283 United States, 231, and the *St. Louis Union Trust* cases when it said: "All involve dispositions of property by way of trust in which the settlement provides for return or reversion of

the corpus to the donor upon a contingency terminable at his death." Again, discussing the *Klein* case, the Court said: "By bringing into the gross estate at his death that which the settlor gave contingently upon it, this Court fastened on the vital factor." P. 112. In the case at bar the son's interest was freed from the contingency of the property reverting to the settlor by the settlor's death.

At the time of decedent's death only two lives stood between decedent and a reversion, "a far cry from the 'remoteness' found to exist in such cases as *Frances Biddle Trust*, 3 T. C. 832." Estate of *William Walker*, 4 T. C. 390, 398. The value of decedent's reversionary interest was $1,139.12, a not insignificant amount.

We have here the further factor of a reversionary interest remaining in the decedent by operation of law rather than expressly retained. In discussing *Commissioner* v. *Kellogg*, 119 Fed. (2d) 54,[1] Paul argues, 1 Federal Estate and Gift Taxation (1942), § 7.23:

> * * * The Third Circuit's refusal to extend the *Hallock* case to a remote reverter contingent upon the survival of the grantor's own next of kin is understandable. *It is doubtful, however, whether the rule of that case is dependent upon an express reservation in the trust instrument. A string or tie supplied by a rule of law is as effective as one expressly retained in the trust instrument.* [Emphasis supplied.]

Where the grantor transfers property in trust for A for life and makes no provision for the disposition of the property at A's death, there remains in the grantor a reversion which passes to his heirs at death. This reversion remains in the grantor by operation of law and nothing is added to the dispositive effect of the instrument by adding such words as "on the death of A the corpus is to be returned to the grantor." The reversion is a part of his gross estate under section 811 (a), and section 811 (c) is inapplicable. Now if we add a gift in fee in remainder conditioned on the remainderman surviving the grantor, "to A for the life of the grantor and then to B in fee if he survives the grantor," it is obvious that the grantor has left a wide gap in the disposition of the corpus. Unless B survives him, everything will return to his estate. No change would be made in the dispositive effect of the instrument by adding the words "if B does not survive the grantor the corpus is to return to the grantor." The express retention of the reversionary interest is surplusage. The grantor in such a case clearly intends that the transfer shall take effect at death, even though he does not expressly provide that the corpus shall return to him in the event of the remainderman predeceasing him. We turn now to the case at bar. The immediate family of the grantor prior to his death consisted of a son, the infant daughter of

---

[1] Followed in *Estate of Charles Delaney*, 1 T. C. 781: affirmed without written opinion (C. C. A., 3d Cir.) ; *Estate of Joseph K. Cass*, 3 T. C. 562. Cf. *Eldridge* v. *Rothensies*, 150 Fed. (2d) 23.

that son, and a wife. Except for the reserved power to appoint up to one-third of the corpus to her, no disposition of the corpus was made in favor of his wife. Obviously the grantor had not done everything he thought he could do to give away the corpus. Should he have survived his son and granddaughter, there would have remained his wife and/or his next of kin to inherit his estate. It is clear that he intended the transfer to take effect at his death, even though he did not see fit to insert the surplus provision that the corpus return to him.

Since the entire value of the corpus is includible in the gross estate, *Fidelity-Philadelphia Trust Co.* v. *Rothensies*, 324 U. S. 108, and *Commissioner* v. *Field*, 324 U. S. 113, both decided February 5, 1945, there is no need to consider the effect of the power of appoinment reserved as to one-third of the corpus.

Reviewed by the Court.

*Decision will be entered for respondent.*

TURNER, ARUNDELL, KERN, and OPPER, *JJ.*, concur only in the result