## COMMISSIONER OF INTERNAL REVENUE v. BANK OF CALIFORNIA.

No. 11088.

Circuit Court of Appeals, Ninth Circuit.

April 11, 1946.

Rehearing Denied May 22, 1946.

Sewall Key, Acting Asst. Atty. Gen., Tax Div., and Helen R. Carloss and L. W. Post, Spc. Assts. to Atty. Gen., for petitioner.

Allen G. Wright and Edward Hale Julien, both of San Francisco, Cal., for respondent.

Before GARRECHT, DENMAN, and BONE, Circuit Judges.

DENMAN, Circuit Judge.

The Commissioner seeks review of a decision of the Tax Court holding that in a trust created in 1924[1] of certain properties, the settlor reserving income to her for life, there was no possibility that the corpus would return to her during her lifetime. Upon this holding the Tax Court decided that the corpus of the trust estate was not subject to the estate tax of Section 811(c) of the Revenue Code, 26 U.S.C.A.Int.Rev.Code, § 811(c), since the creation of the trust was not a transfer to take effect at death.

The trust provided that upon the death of the settlor the trust fund was to be divided between her son Richard and her daughter Lee in such shares and proportions that the son should receive one moiety or equal half part of the trust fund less seven thousand five hundred dollars and that the daughter should receive one moiety or equal half part of the trust fund and in addition the seven thousand five hundred dollars. It was also provided that should either of the children die in the lifetime of the settlor, leaving issue at her death such issue should take the share which their parent would have taken. It was further provided that should either of the children die in the settlor's lifetime without issue then on the settlor's death the survivor should take the whole of the trust fund.

On June 26, 1924, Richard Girvin, decedent's son, had three children, and Lee Girvin Tevis, her daughter, had two children; both children, all five grandchildren, and a great grandchild born subsequently were all alive at the date of the hearing of the Tax Court.

The Commissioner included the value of the property of the trust created by the de-

---

[1] The trust was created in 1924 and not affected by the amendments of 1931 and 1932 of Section 302(c) of the Revenue Act of 1926, 26 U.S.C.A. Int.Rev.Acts, page 227, making the corpus of trust es-

tates with such a life interest in the trustor subject to the estate tax. Hassett v. Welch, 303 U.S. 303, 58 S.Ct. 559, 82 L.Ed. 858.

cedent in her gross estate and upon review the Tax Court held such action erroneous, stating "that the reversion to which the estate might be subject—by operation of law and not by force of any provision of the trust itself—could arise only upon decedent's survival of two children and five grandchildren, all of whom were living upon the establishment of the trust. These circumstances make it impossible to view this transfer as intended to take effect at or after decedent's death. Estate of Benjamin L. Allen, 3 T.C. 844; Frances Biddle Trust, 3 T.C. 832; Commissioner v. Kellogg, 3 Cir., 119 F.2d 54; Lloyd's Estate v. Commissioner, 3 Cir., 141 F.2d 758. We conclude that no part of the transferred property is includible in decedent's estate."

It is apparent, however, that in the event all the beneficiaries mentioned were to predecease the settlor, the trust corpus would revert to her. The Tax Court's decision does not consider Sec. 81.17 of Treasury Regulations 105, providing

"Sec. 81.17. *Transfers conditioned upon survivorship.*—The statutory phrase, 'a transfer * * * intended to take effect in possession or enjoyment at or after his death,' includes a transfer by the decedent prior to his death (other than a bona fide sale for an adequate and full consideration in money or money's worth) whereby and to the extent that the beneficial title to the property transferred (if the transfer was in trust), or the legal title thereto (if the transfer was otherwise than in trust), is not to pass from the decedent to the donee unless the decedent dies before the donee or another person, or its passing is otherwise conditioned upon decedent's death; or, if title passed to the donee, it is to be defeated and the property is to revert to the decedent as his own should he survive the donee or another person, or the reverting of the property to the decedent is conditioned upon some other contingency terminable by his death. *In such instances, it is immaterial whether the decedent's interest arose by implication of law or by the express terms of the instrument of transfer. * * *"* (Emphasis supplied.)

Since the Tax Court's decision, the Supreme Court has held that where the settlor, as here, has created a life interest in the income with the remainder in the settlor's children, the more or less remote possibility of a reversion to the settlor upon the prior death of holders of the remainder interest made the transfer in trust not a complete divestment of the remainder interest. That interest becomes vested in the remaindermen only by the settlor's predeceasing them. Fidelity-Philadelphia Trust Co. v. Rothensies, 324 U.S. 108, 65 S.Ct. 508, 159 A.L.R. 227; cf. Commissioner v. Field's Estate, 324 U.S. 113, 65 S.Ct. 511, 159 A.L.R. 230. In both cases the corpus of the trust was held taxable under 811(c), supra.

In the Fidelity case, at pages 111, 112, of 324 U.S., at page 510 of 65 S.Ct., 159 A.L.R. 227, the rule is stated "It is fruitless to speculate on the probabilities of the property being distributed under the contingent power of appointment. Indeed, such speculation is irrelevant to the measurement of estate tax liability. The application of this tax does not depend upon 'elusive and subtle casuistries.' Helvering v. Hallock, supra, 309 U.S. at page 118, 60 S.Ct. at page 450, 84 L.Ed. 604, 125 A.L.R. 1368. No more should the measure of the tax depend upon conjectures as to the propinquity or certainty of decedent's reversionary interests. It is enough if he retains some contingent interest in the property until his death or thereafter, delaying until then the ripening of full dominion over the property by the beneficiaries. The value of the property subject to the contingency, rather than the actuarial or theoretical value of the possibility of the occurrence of the contingency, is the measure of the tax. *That value is demonstrated by the consequences that would flow in this instance from the decedent's survival of her daughters and any of the latter's surviving descendants."* (Emphasis supplied.) and in the Field case, at page 116 of 324 U.S., at page 512 of 65 S.Ct., 159 A.L.R. 230, that "* * * It makes no difference how vested may be the remainder interests in the corpus or how remote or uncertain may be the decedent's reversionary interest. If the corpus does not shed the possibility of reversion until at or after the decedent's death, the value of the entire corpus on the date of death is taxable."

In both of these cases the settlor specifically retained the right to create a reversion in the settlor. In the Fidelity case it was by a retained power of appointment in the event of the death of all the remainder men. In the Field case it was a retained power to revoke the interests

given the children. The reasoning, however, is that stated in the above quoted language of the two opinions—that is the existence of a possibility, however remote, of a reversion to the settlor. Here, on the death of those holding the remainder interests, the reversion is by operation of law and comes within the provision of Sec. 81.17 of Treasury Regulations 105 that "In such instances, it is immaterial whether the decedent's interest arose by implication of law or by the express terms of the instrument of transfer."

We can see no distinction between the acquisition of the power to create a reversion in the settlor by a retained interest to be exercised by the settlor, after the deaths of all those holding the remainder interest, as in the Fidelity case, supra, and a reversion by operation of law arising upon such deaths. The regulation of the Treasury Department, whether or not receiving the endorsement of Congress by subsequent legislation, is clearly supported by the reasoning in the Fidelity and Field cases. The decedent's transfer of the remainder interests was one taking effect at death, within the provisions of 811(c) of the Internal Revenue Code.

The decision of the Tax Court is reversed.