## VANDERLIP et al. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 65.

Circuit Court of Appeals, Second Circuit.

April 23, 1946.

Edwin W. Cooney, Elmer J. Hoare, and Edward E. Watts, Jr., all of New York City (Alexander Hammond and Pauline Taylor, both of New York City, of counsel), for petitioners.

Carlton Fox and J. Louis Monarch, Sp. Assts. to the Atty. Gen., and Sewall Key, Acting Asst. Atty. Gen., for respondent.

Before L. HAND, SWAN and FRANK, Circuit Judges.

L. HAND, Circuit Judge.

This appeal is from an order of the Tax Court, assessing against executors a deficiency in their estate taxes. The cause was tried upon stipulated facts, the substance of which was as follows. Before 1918, the testator had taken out policies of life insurance, aggregating nearly a million dollars, upon which he had borrowed before June 1, 1932, all that the insurers would lend. On that day he delivered and assigned all the policies to four trustees, upon trust to hold them until they became payable, and then to collect and hold the proceeds as the principal of a trust fund. Any income derived "during the life of the settlor," they were to apply to the use of his descendants, and upon his death they were to divide the principal into shares and dispose of both principal and income in ways not material here. The deed gave power to the trustees to use all dividends declared, to pay premiums and interest on the loans, and to borrow upon the policies for the same purpose. This they did, paying in all over $114,000 before the testator's death in 1937. That was not, however, enough to keep the policies alive, and the testator himself made up the difference, over $183,000, out of his own resources. At his death the policies had a net value of $421,815.66, which the Commissioner included in the estate, as the proceeds of a gift made in contemplation of death under § 302(c) of the Internal Revenue Act of 1926, 26 U.S.C.A. Int.Rev.Acts, page 227; and the ensuing tax is the subject of this suit. It was stipulated that the gift of the policies "was motivated solely by the decedent's desire to avoid estate taxes thereon, and was not otherwise made in contemplation of death within the meaning of the Revenue Acts of 1926 and 1932 as amended, 26 U.S.C.A. Int.Rev.Code § 811(c), or of the regulations thereunder."

Although the deed provided for the disposition of any income derived from the policies during the donor's life, not only was no income ever so derived, but we assume that the parties understood that none would be, and that—as proved to be the case —the donor would himself be obliged generously to contribute, if the policies were to be kept alive. Furthermore, we assume that the policies were all payable to the donor's executors, so that, if he had died without executing the deed, they would have been a part of his taxable estate, regardless of the time when he took them out. (The executors' argument that they would not have been, if so payable, is so clearly without basis that we need not discuss it.) It is also clear that the executors would not have been entitled to the deduction of $40,000, allowable when policies are made payable to a beneficiary. The policies were in effect the same as obligations for the payment of money to the donor's executors at

his death, and the bare question is presented whether, when the obligee of such an obligation transfers it for the purpose of escaping estate taxes and for that purpose alone, the transfer is "in contemplation of death" within § 302(c) of the Revenue Act of 1926.

■ In spite of the fact that the proper interpretation of that language has been the subject of a good many decisions, United States, v. Wells, 283 U.S. 102, 51 S.Ct. 446, 75 L.Ed. 867, remains the controlling authority. In the words of Hughes, C. J., 283 U.S. at page 117, 51 S.Ct. at page 451, —"the dominant purpose is to reach substitutes for testamentary dispositions," and "the differentiating factor must be found in the transferor's motive." All gifts necessarily differ from bequests in that they deprive the donor of future control over the property, and for that reason they can never be perfect substitutes; but if the effect of the gift is substantially the same as the gift of a remainder: that is, if the donor reserves the income to himself during his life, it is as nearly the substitute for a bequest as it can be and still remain a gift at all, as we said in City Bank Farmers Trust Co. v. McGowan, 2 Cir., 142 F.2d 599, 602. The "Astor Trust Cases," Farmers' Loan & Trust Co. v. Bowers, 2 Cir., 68 F.2d 916; Id., 98 F.2d 794, were gifts of that sort, for the donor had charged each fund with an annuity of $150,000 which was calculated, as nearly as could be forecast, to exhaust the income, taking one year with another. Indeed, since the amendment of § 302(c) in 1931, 26 U.S.C.A. Int.Rev.Acts, page 227, if the property produces income which the donor reserves to himself, the gift is included, regardless of his motive; and it would appear that any question of motive is relevant here only because the policies do not fall within the letter of that amendment.

■■ When the property produces no income, living the donor, or when it does, and he reserves it to himself, it may be open to question whether any motive can exclude it from his estate. However, we need not go so far; and in First Trust & Deposit Company v. Shaughnessy, 2 Cir., 134 F.2d 940, our discussion assumed the contrary. Situations may be put in which it might be plausibly argued that motive would be relevant: for example, the donor may wish to protect the property against the hazards of his business, or against a possible change in his feelings towards the donee, or he may contemplate getting married and losing power of disposal over all his property. Whether these would affect the result, we leave open because here the donor only desired to avoid estate taxes, and we cannot see how that can be classed among those motives which will on any theory take a gift out of the section. A gift differs from a bequest,—apart from the inevitable loss of control over the property —only in so far as it secures enjoyment to the donee during the donor's life; and the donor's motives are relevant to exclude the property only so far as they touch upon his enjoyment in that period. The motive to avoid taxes does not touch that at all; a donor, interested in saving taxes, is not concerned with the donee's enjoyment while he himself lives; he is interested in relieving his legatees from taxes after he dies, and, not only may his legatees not be the donees, but when they are, their relief will not concern their enjoyment of the property while he lives. Such a motive is necessarily testamentary, and not donative. It is true that, when it accompanies a gift which gives to the donee immediate enjoyment of the income, alone it may not be enough to include the property within the donor's estate. Allen v. Trust Company of Georgia, 66 S. Ct. 389. But that does not mean that it should not always count towards inclusion, and so it should; and when it accompanies a gift which is in effect only the gift of a remainder, it confirms the conclusion, of itself inherently compelling, that the gift is a substitute for a bequest, and brings the property into the donor's estate.

Order affirmed.