**THOMAS, Collector of Internal Revenue, v. GRAHAM.**

No. 11565.

Circuit Court of Appeals, Fifth Circuit.

Dec. 12, 1946.

Lester L. Gibson and Sewall Key, Sp. Assts. to the Atty. Gen., both of Washington, D. C., and A. W. Christian, Asst. U. S. Atty., of Dallas, Tex., for appellant.

Harry C. Weeks, of Fort Worth, Tex., for appellee.

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

The appeal is from a judgment of the District Court allowing recovery of estate tax paid on the estate of Malcolm K. Graham, a resident of Texas, who died at the age of 69 years on July 12, 1941. Judgment against the Collector was for $8,866.-68 plus interest. The statute and regulations involved are 26 U.S.C.A. Int.Rev. Code, § 811(c) and Sections 81.16 and 81.17 of Treasury Regulations 105.

On October 12, 1936, Malcolm K. Graham and his wife conveyed in trust to the First National Bank of Dallas, Texas, $10,000.00 principal amount 5% mortgage bonds and seven life insurance policies of an' aggregate principal amount of $90,000.00. The policies, which insured the life of Mr. Graham, and the mortgage bonds, had been acquired by Mr. Graham and his wife with community funds. From time to time after creation of the trust, Mr. and Mrs. Graham contributed to the trust from their community property additional securities; and at the time of Mr. Graham's death the trustee held, in addition to the life insurance policies, cash and securities having a fair market value of $72,202.37.

The question involved is whether one-half of the value of the trust was properly included in the decedent's gross estate.

The trust instrument provided that during Mr. Graham's lifetime the trustee was to apply the net income from the securities to the payment of the premiums falling due on the seven life insurance policies. If the net income from the securities was not sufficient to meet the premium payments, notice was to be given to Mr. and Mrs. Graham so they could have an opportunity to supplement the income and pay the premiums or direct the trustee to resort to the corpus of the trust for that purpose. (Pursuant to such notice, Malcolm K. Graham personally paid all premiums in 1937 and supplemented the trust income to pay premiums in 1938.) If the net income should ever be more than sufficient to meet premium payments, provision was made for the excess to be added to the corpus or, upon unanimous written direction of decedent's wife and two daughters, or their survivors, to be paid at stipulated times, one-third to the wife, and two-thirds or all, if the wife were deceased, to the issue per stirpes of trustors living at the date fixed for such payment. Upon the death of Mr. Graham the trustee was directed to pay the net income as above stated, and was to pay from the corpus of the trust to the wife and two daughters such amounts as the three of them, or their survivors, should unani-

mously agree upon and certify to the trustee in writing. In the event all the corpus was not so distributed, the trustee was directed to distribute the corpus in equal installments over a period of twenty years. During the life of decedent's wife, such installments were to be distributed one-third to the wife and two-thirds to the issue per stirpes of the trustors living at the date fixed for each distribution. Upon the wife's death the entire installment falling due was to be paid to the issue per stirpes then living. The trust instrument provided that the trust was to terminate twenty years after the death of Mr. Graham. The trust was irrevocable. Mr. Graham reserved the right to remove the named trustee, but provision was made for the naming of a successor trustee.

When Mr. Graham died on July 12, 1941, he was survived by his wife, two married daughters, and four minor grandchildren. A fifth grandchild was born after Mr. Graham's death.

The Collector contends that the lower court erred in awarding a refund because the designated beneficiaries of the trust could take only if they survived Mr. Graham, and there existed until his death a possibility that the trust corpus would revert to him by operation of law. It is also urged that the trust was created in contemplation of death, and that the creation of a trust for the payment of life insurance premiums, an obligation of the trustors, amounted to a retention of the income and consequent enjoyment of the trust property.[1]

Although Malcolm K. Graham did not expressly retain a reversionary interest in the trust corpus, it is clear, indeed admitted, that there existed a possibility of reverter by operation of law if all the designated beneficiaries predeceased Mr. Graham. Appellee contends, however, that the existence of "a remote and unlikely possibility that the trust would fail for lack of beneficiaries does not constitute such a reversionary interest as requires the inclusion of the trust corpus in decedent's gross estate as a transfer intended to take effect in posses-

---

[1] Compare Burnet v. Wells, 289 U.S. 670, 53 S.Ct. 761, 77 L.Ed. 1439, an income tax case involving a trust created to pay insurance premiums.

sion or enjoyment after death within the meaning of Section 811(c)."

The express retention of a reversionary interest has, at least since Helvering v. Hallock, 309 U.S. 106, 60 S.Ct. 444, 84 L.Ed. 604, 125 A.L.R. 1368, resulted in the inclusion of trust corpus in a donor decedent's estate. Review of many cases discloses that the Supreme Court and the lower courts have experienced considerable difficulty in dealing with the estate tax problems created by trust arrangements. For some of the more important cases in the series see: Shukert v. Allen, 273 U.S. 545, 47 S.Ct. 461, 71 L.Ed. 764, 49 A.L.R. 855; Reinecke v. Northern Trust Co., 278 U.S. 339, 49 S.Ct. 123, 73 L.Ed. 410, 66 A. L.R. 397; May v. Heiner, 281 U.S. 238, 50 S.Ct. 286, 74 L.Ed. 826, 67 A.L.R. 1244; Klein v. United States, 283 U.S. 231, 51 S.Ct. 398, 75 L.Ed. 996; Helvering v. St. Louis Union Trust Co., 296 U.S. 39, 56 S.Ct. 74, 80 L.Ed. 29, 100 A.L.R. 1239; Becker v. St. Louis Union Trust Co., 296 U.S. 48, 56 S.Ct. 78, 80 L.Ed. 35; Hassett v. Welch, 303 U.S. 303, 58 S.Ct. 559, 82 L.Ed. 858.

If an express retention of a reversionary interest compels inclusion of trust corpus in a donor decedent's estate, does a reverter which arises by implication of law stand on a different basis? We think not. An interest arising by operation of law is just as real and effective as one created by express terms of a trust instrument. "In such instances, it is immaterial whether the decedent's interest arose by implication of law or by the express terms of the instrument of transfer." Section 81.17, Treasury Regulations 105. Paul, Federal Estate and Gift Taxation, § 7.23, p. 368.

As pointed out in Commissioner v. Field's Estate, 324 U.S. 113, at page 116, 65 S.Ct. 511, at page 512, 89 L.Ed. 786, 159 A.L.R. 230, "If the corpus does not shed the possibility of reversion until at or after the decedent's death, the value of the entire corpus on the date of death is taxable." Also see Fidelity-Philadelphia Trust Co. v. Rothensies, 324 U.S. 108, 65 S.Ct. 508, 89 L.Ed. 783, 159 A.L.R. 227; Goldstone v. United States, 325 U.S. 687, 65 S.Ct. 1323, 89 L.Ed. 1871, 159 A.L.R. 1330.

█ Examination of the Graham trust discloses that the ultimate enjoyment and possession of the trust property by the beneficiaries was held in suspense until the death of Mr. Graham. His death was the indispensable event which finally determined whether he or the beneficiaries would receive the trust property. His one-half community interest in the trust property was properly included in his gross estate. Commissioner v. Bank of California, 9 Cir., 155 F.2d 1; certiorari denied Bank of California Nat. Ass'n v. Commissioner, 67 S.Ct. 73; Commissioner v. Bayne's Estate, 2 Cir., 155 F.2d 475; Beach v. Busey, 156 F.2d 496.

█ We are further of opinion that Mr. Graham's transfers to the trust were made in contemplation of death and that the deed of trust was nothing more than a substitute for a testamentary disposition of the property within the meaning of the statute and Section 81.16 of Treasury Regulations 105. The trust merely kept in force decedent's life insurance policies during his life, and economic benefits were intentionally and effectually withheld until after his death. Although the trial judge found that the transfers were not made in contemplation of death, we are of opinion that a construction of the trust instrument demands a contrary finding. United States v. Wells, 283 U.S. 102, 51 S.Ct. 446, 75 L.Ed. 867; Allen v. Trust Co. of Georgia, 326 U.S. 630, 66 S.Ct. 389. Cf. Vanderlip v. Commissioner, 2 Cir., 155 F.2d 152.

We reject as without merit appellee's contention that the corpus of the trust should have in any event been excluded from decedent's gross estate under Section 81.17 of Treasury Regulations 105[2] as being akin to the transfers in the St. Louis Trust Co. cases. In absence of a favorable determination for the taxpayer by the Com-

---

[2] The cited regulation allows an exclusion only when the Commissioner, "whose determination therein shall be conclusive," determines that a transfer made between November 11, 1935, and January 29, 1940, is classifiable with the transfers in the St. Louis Trust Co. cases rather than with the transfer in the Klein case. See Paul, Federal Estate and Gift Taxation, § 7.23, p. 365.

missioner, which determination was not sought or made, the contention of appellee is wholly without merit.

Because there was a possibility of reverter by implication of law, and because the trust was created in contemplation of death as a substitute for a testamentary disposition of the property, it was error to award a refund of the estate tax.

The judgment is reversed and the cause is remanded with directions to enter judgment for the Collector as indicated.

Reversed and remanded.

HUTCHESON, Circuit Judge (specially concurring).

I concur in the view of the majority that the transfers were made in contemplation of death, and that the judgment must, therefore, be reversed. I dissent, however, from the view of the majority that the existence of a possibility of reverter by operation of law requires the inclusion of the trust corpus in decedent's gross estate.