Estate of William E. Sloan, by Lincoln Rochester Trust Company and William E. Sloan, Jr., Executors v. Commissioner.
Estate of Sloan v. Commissioner
Docket No. 8773.
United States Tax Court
1947 Tax Ct. Memo LEXIS 346; 6 T.C.M. (CCH) 840; T.C.M. (RIA) 47195; 1947
*346 Scott Stewart, Jr., Esq., 31 Exchange St., Rochester 4, N. Y., for the petitioner. Ellyne E. Strickland, Esq., for the respondent. LEECH
Memorandum Opinion LEECH, Judge: Respondent has determined a deficiency in estate tax in the amount of $51,574.93 against the estate of the decedent, William E. Sloan, who died on August 29, 1942. Of this deficiency, the sum of $33,607.74 is in issue, and arises from the inclusion in decedent's estate of the proceeds of 12 policies of insurance taken out by decedent on his own life and conveyed by him under a trust instrument 11 years before his death. The issue presented is whether the value of the property in question is includable in the gross estate under the provisions of sections 811 (c) or 811 (g) of the Internal Revenue Code. The case was submitted upon a written stipulation of facts which we include by reference as our findings of fact. Briefly stated, the facts are that the petitioners are the duly qualified and acting executors of the estate of William E. Sloan, deceased, who died August 29, 1942, a resident of the City of Rochester, New York. The estate tax return for decedent's estate was filed with the collector for the 28th district *347 of New York. On August 27, 1931, the decedent entered into a trust agreement with the Lincoln-Alliance Bank and Trust Company, Rochester, New York, as trustee, under which decedent assigned and delivered to the trustee certain policies of insurance upon his own life in a total face value of $114,589. The beneficiaries of the trust were the decedent's sons, William E. Sloan, Jr., and Samuel Sloan and their descendants. In case the two named beneficiaries predeceased the grantor, leaving no descendants, the property would go to the Rochester Community Chest. The aforesaid transfer in trust was declared to be irrevocable, the grantor reserving no power to alter or amend or to change the beneficiaries. The trustee was required, upon the death of the grantor, to collect the proceeds of the insurance and hold and dispose of such proceeds under the following direction: "SECOND: The Grantor owns various parcels of real property of substantial value, the taxes and carrying charges with respect to which are large. In order that the Executors of and Trustees under the Last Will and Testament of the Grantor may not be required to sacrifice any of such real property nor any other assets of *348 the Grantor's estate in order to raise funds with which to carry such real property, and for the purpose also of providing the Grantor's Executors and Trustees with funds for the payment of Inheritance Taxes and the expenses of administration, if necessary, the Grantor is now creating this trust. "The term of this trust shall be not longer than the life times of the Grantor's sons, William F. Sloan, Jr. and Samuel Sloan. It shall terminate forthwith (prior to the death of said sons) upon notification in writing received by the Trustee from either the Executors of or the Trustees under the Grantor's Last Will and Testament that said Executors or Trustees, as the case may be, will have no further need to borrow any funds from the Trustee hereunder for the purposes hereinbefore expressed. "The trust fund shall be kept largely in cash deposited at rates of interest prevailing for similar accounts in the City of Rochester during such term and/or in securities of a liquid character which may be expeditiously disposed of for cash without unreasonable sacrifice or delay. "The Trustee shall be bound to loan to the Executors or Trustees of the Grantor's Will such sums as they may from time *349 to time in writing request (without collateral security or interest, if so requested) and shall not be required to inquire into the application of the moneys so borrowed nor the necessity for or advisability of such borrowings. The Trustee shall not be required to sue for or enforce collection of said loans, or the interest thereon, and shall not be responsible for any failure to collect any part of such indebtedness or interest unless so requested in writing by those entitled to the corpus of this trust. "If so requested by the Executors or Trustees of the Grantor's estate, in writing, the Trustee shall purchase for cash any securities of the estate which the Executors or Trustees may desire to convert into money at their market value." By the decedent's last will, executed July 14, 1942, his entire estate, with the exception of several small bequests, was left in trust, the named trustees being his two sons, William E. Sloan, Jr., and Samuel Sloan, and the Rochester Trust and Safe Deposit Company, now the Lincoln Rochester Trust Company. Under this testamentary trust the two named sons of the decedent took equal life interests in the corpus with certain provisions permitting the *350 payment to them from the corpus of the trust. Upon their deaths the corpus remaining was to be held in trust or distributed under the provisions not pertinent to the question we have here for consideration. The three trustees named were also named as executors of decedent's estate. Decedent's son, Samuel Sloan, died during the period of administration of the estate of decedent and the vacancy, as executor and testamentary trustee, was not filled. Upon decedent's death the trustee under the insurance trust agreement of August 27, 1931 collected and received the proceeds of the policies of insurance constituting the corpus of that trust, in the sum of $116,854.64. No loan of any part of this fund was required by or made to the executors of decedent's estate, but the trustee, at the request of the executors, purchased from the estate, on December 19, 1942, 780 shares of the common stock of the Eastman Kodak Company owned by the estate, paying therefor a total price of $113,490. On December 22, 1942, the trust was finally terminated as provided in paragraph second set out above, upon notification by the executors of the decedent's estate that they had no need to borrow funds from the *351 trustee for the purposes provided in the trust indenture, and the trustee thereupon distributed the aforesaid 780 shares of the common stock of Eastman Kodak Company in kind to the decedent's sons, William E. Sloan, Jr., and Samuel Sloan. The trustee retained in its hands $3,509.99 for the payment of its commissions and other miscellaneous expenses. The trust was finally closed out on September 28, 1943. The decedent paid all of the premiums on the policies of insurance constituting the corpus of the trust of August 27, 1931, aggregating $124,680.10, of which $7,966.29 was paid by the decedent subsequent to January 10, 1941. In the decedent's estate tax return, the executors reported as part of the gross taxable estate the sum of $8,505.77, representing that portion of the total proceeds of $116,854.64 attributable to the premiums paid after January 10, 1941. The decedent's estate was allowed an exemption of $40,000, pursuant to section 811 (g) of the Internal Revenue Code, with respect to the proceeds of other policies of insurance upon decedent's life held by him at his death and payable to his two sons as beneficiaries. Respondent's primary contention is that that corpus of the *352 insurance trust created by decedent 11 years prior to his death is includable in his gross estate under section 811 (c) of the Internal Revenue Code. [1] His alternative contention is that the property is includableuunder section 811 (g), [2] as insurance taken out for the benefit of his estate. *353 Counsel for petitioners contends that in our consideration of the question as to whether the trust corpus in question is includable in the gross estate under section 811 (c), we are limited to a consideration only of the question as to whether it was a transfer intended to take effect in possession or enjoyment at or after death and are precluded from determining whether or not the transfer was one made in contemplation of death. It is his contention that at the hearing counsel for respondent specifically so limited the issue and that, relying upon this limitation, petitioners have made no attempt to meet such an issue or to present such proof as would be available to establish that the dominant motive of the decedent in making the transfer was not contemplation of death. We have carefully examined the record and can not agree that the issue is so limited. Moreover, we do not agree with the contention that petitioners are in any way prejudiced by a consideration of the issue of contemplation of death even if counsel did, at the hearing, understand that issue to have been eliminated. An examination of the record indicates to our satisfaction that respondent's counsel concedes merely *354 that there is no claim by respondent that the transfer was in the nature of a death bad act and made because of an expectation of imminent death. It was clearly stated by such counsel that the government's contention was that decedent's act was testamentary in character with the purpose of effecting the disposition of his estate upon his death. This position of counsel for petitioners is based wholly upon language used by respondent's counsel at the hearing after the proffer of a stipulation of facts upon which the case was being submitted and there is not the slightest indication that there are or could be other facts bearing upon the question of the transfer not being in contemplation of death. There is no surprise since petitioners' counsel has had full opportunity to answer the contention. Upon the primary issue of whether the transfer in question is includable in the gross estate under section 811 (c), the record shows clearly that the creation of the trust involved was part of the general scheme involving the disposition and administration of decedent's estate at death. The entire corpus of the trust consisted of policies of insurance on the life of the decedent. The beneficiaries *355 had no present interest. Enjoyment was postponed until decedent's death. In Goldstone et al. v. United States, 325 U.S. 687, 89 L. Ed. 1871, 65 S. Ct. 1323, which is relied on by petitioners, the beneficiary of the insurance trust was not required to survive the grantor to receive or enjoy the transfer. There she had the right to amend the trust, surrender the policies, and take the proceeds as her own property. Here the enjoyment of the property must await the death of the grantor and the beneficiary must survive the grantor to receive anything. Coupled with this is the specific provision in the trust instrument stating that its purpose is to provide the necessary funds for the grantor's executors to conserve the assets in his estate during the period of administration. In the recent case of Estate of Paul Garrett, 8 T.C. 492, we said of a situation having many of the characteristics of the one here in question: "* * * If insurance is transferred outright so that the donee is at liberty to use it or hold it to maturity as he may decide, the transaction may be similar to any gift of property. But where the intrinsic nature of the insurance itself *356 is so markedly stressed, where the surrounding circumstances and integral features of the transfer so obviously indicate decedent's purpose to have the policies retained until they and his life terminate together, and in the meantime to have the trust income devoted to their preservation, it can not but demonstrate what the compelling purpose is, nor suggest that this purpose is other than testamentary. * * *" In the present case the facts tending to show the testamentary character of the transfer are, we think, much stronger than those shown in Estate of Arthur D. Cronin, 7 T.C. 1403; First Trust and Deposit Co. v. Shaughnessy, 134 F.2d 940; Thomas v. Graham, 158 F.2d 561. It is our conclusion and finding upon the stipulated facts that the transfer in trust of these insurance policies was made in contemplation of death and intended to take effect in possession or enjoyment at or after death within the purview of section 811 (c) of the Internal Revenue Code. This conclusion upon the primary issue makes it unnecessary to pass upon the question as to whether the trust corpus would *357 be includable under the provisions of section 811 (g) of the Internal Revenue Code. Decision will be entered for the respondent. Footnotes
1. SEC. 811. GROSS ESTATE. The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated, except real property situated outside of the United States - * * *
(c) Transfers in Contemplation of, or Taking Effect at Death. - To the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise, in contemplation of or intended to take effect in possession or enjoyment at or after his death, * * *. * * *↩
2. (g) Proceeds of Life Insurance. - To the extent of the amount receivable by the executor as insurance under policies taken out by the decedent upon his own life; and to the extent of the excess over $40,000 of the amount receivable by all other beneficiaries as insurance under policies taken out by the decedent upon his own life.↩