## JEFFRIES v. COMMISSIONER OF INTERNAL REVENUE.

### No. 11646.

Circuit Court of Appeals, Fifth Circuit.

Nov. 22, 1946.

Rehearing Denied Dec. 24, 1946.
Writ of Certiorari Denied March 31, 1947.

WALLER, Circuit Judge, dissenting.

———◆———

J. Mark Wilcox, of Miami, Fla., for petitioner.

Helen Goodner and Robert N. Anderson, Sp. Assts. to Atty. Gen., both of Washington, D. C., Sewall Key, Acting Asst. Atty. Gen., and J. P. Wenchel, Chief Counsel, Bur. Int. Rev., and Charles E. Lowery, Sp. Atty., Bur. Int. Rev., both of Washington, D. C., for respondent.

Before SIBLEY, HUTCHESON, and WALLER, Circuit Judges.

HUTCHESON, Circuit Judge.

In 1940, petitioner was the owner of half the stock, and president, of Girard Realty Co. In that year, pursuant to an arrangement made between her and the owners of the other half of the stock, the corporation transferred to petitioner one-half of its lands and property, and petitioner surrendered to the corporation for cancellation her one-half of the stock. Considering the property received by her in exchange for the stock as received in a complete liquidation of the corporation and her gain therefrom long term capital gain, petitioner returned it that way. The commissioner determined that there was not a complete but a partial liquidation that, therefore, her gain was, under Internal Revenue Code, Sec. 115(c) and (i),[1] and Treasury Regulations No. 103, Sec. 19.115-5(c),[2] short term capital gain and

---

[1] As pertinent here, they provide:

"(c) Distributions in liquidation. Amounts distributed in complete liquidation of a corporation shall be treated as in full payment in exchange for the stock, and amounts distributed in partial liquidation of a corporation shall be treated as in part or full payment in exchange for the stock. The gain or loss to the distributee resulting from such exchange shall be determined under section 111, but shall be recognized only to the extent provided in section 112. Despite the provisions of section 117, the gain so recognized shall be considered as a short-term capital gain, except in the case of amounts distributed in complete liquidation. For the purpose of the preceding sentence, 'complete liquidation' includes any one of a series of distributions made by a corporation in complete cancellation or redemption of all of its stock in accordance with a bona fide plan of liquidation and under which the transfer of the property under the liquidation is to be completed within a time specified in the plan." (Emphasis supplied.) 26 U.S.C.A. Int.Rev.Code, § 115.

"(i) Definition of partial liquidation. As used in this section the term 'amounts distributed in partial liquidation' means a distribution by a corporation in complete cancellation or redemption of a part of its stock, or one of a series of distributions in complete cancellation or redemption of all or a portion of its stock." 26 U.S.C.A. Int.Rev.Code, § 115.

[2] "(c) Partial liquidation.—In the case

all of it must be taken into account in computing her net income.

The Tax Court, four judges dissenting, sustained the commissioner's determination, and petitioner is here insisting that court and commissioner are wrong.

 We do not think so. Whether a transaction or result is taxable and what the tax is is not a matter to be determined in law upon considerations of general justice or equity. It is a matter of statutes and valid regulations, and what they mean. Neither is it to be determined in fact upon considerations of what was intended to be done. Rather it is to be determined by what was done. Because the statutes and regulations read as they do and the facts are what they are, it will not avail petitioner to point (1) to the fact that she all along intended to bring about a complete liquidation, and that she regarded the course taken as bringing this about; and (2) to the tax hardships she is being subjected to for a mere mistake in method if the method adopted is found to be a mistaken one. Neither will it avail her to point to the fact that Congress in 1942, recognizing the inequities of Section 115 (c) repealed the provision taxing a partial liquidation as a short term gain, without making the repeal retroactive. Taxation deals not with what was attempted to be done but with what was done. The evidence is explicit and without dispute that as originally planned there was to be a complete liquidation and that, the owners of the other half objecting to this, and insisting on retaining the corporation and their stock in it, the plan actually carried out was substituted for the one petitioner had proposed.

The record thus establishing without dispute that, in the language of the regulation, there was a complete cancellation "of a part of the corporate stock * * * by the complete retirement of any part of the stock, whether or not pro rata among the shareholders", the commissioner was right in determining, the tax court was right in affirming his determination, that petitioner's gain was, and must be reported as, a short term capital gain. The judgment of the Tax Court is affirmed.

WALLER, Circuit Judge (dissenting).

Regardless of the insatiability of Taxation's appetite and the present emptiness of her voracious maw, the courts ought not to try to satisfy one and fill the other by upholding extortions from inexperienced widows when such could be, and should be, avoided by following the salutary rule of looking at the substance of the transaction rather than at its form.

---

of amounts distributed in partial liquidation of a corporation, the amount of the loss recognized is subject to the limitations contained in section 117 but the entire amount of the gain recognized shall be considered as a short-term capital gain despite the provisions of section 117. The term 'amounts distributed in partial liquidation' means a distribution by a corporation in complete cancellation or redemption of a part of its stock, or one of a series of distributions in complete cancellation or redemption of all or a portion of its stock. A complete cancellation or redemption of a part of the corporate stock may be accomplished, for example, by the complete retirement of all the shares of a particular preference or series, or by taking up all the old shares of a particular preference or series and issuing new shares to replace a portion thereof, **or by the complete retirement of any part of the stock, whether or not pro rata among the shareholders.**" (Emphasis supplied.)