## MEITUS v. WHITMAN CO. et al.
### No. 1297.

District Court, S. D. Florida,
Miami Division.

April 24, 1947.

Walton, Hubbard, Schroeder, Lantaff & Atkins, of Miami, Fla., for plaintiff.

Joe Creel of Hunt & Salley, of Miami, Fla., for defendants.

DE VANE, District Judge.

The facts in this case are not in dispute. Except as to a few matters the facts were stipulated. The legal question presented is whether or not upon the facts as shown by the record the court is compelled, under the law, to give legal effect to and enforce the retroactive portion of an Order of the Office of Price Administration, which in all fairness should never have been entered. Counsel for plaintiff states the question in the following language: "Is the District Court affirmatively deprived and denied jurisdiction to inquire into the existence of power in the Rent Director to make the Order; or to state the question otherwise, is the court prohibited by law from determining whether or not the Order is valid?"

The premises involved in this rent controversy are in the Indian Creek Apartment Hotel on Collins Avenue, Miami Beach, Florida. The building was occupied by the Army when rent control became effective in the Miami Defense Rental Area so that

there were no "freeze date" rents for any of the dwelling units in the Apartment Hotel building. The property was returned by the Army to the landlord in the Summer of 1944 and reconditioned for occupancy in the Fall of that year. The landlord rented housing and hotel accommodations to plaintiff on October 10, 1944. This constituted the first rental of the premises in question and the first rental of any of the housing or hotel units in the building. Plaintiff signed two leases covering the premises occupied by him and his family. One lease covered Apartment #201 and the second lease covered Hotel Room #201-A. The housing and hotel accommodations were registered with the Office of Price Administration within the thirty day period required, at rents in excess of the amounts charged plaintiff under the leases and the leases state that plaintiff was given a reduction in rentals charged for the accommodations due to the fact that he had brought several desirable guests to the Hotel as permanent guests.

The Indian Creek Apartment Hotel contains twenty-six apartments and nine hotel rooms. The twenty-six apartments were registered under the regulations for housing and the hotel rooms were registered under the regulations applicable to hotels. Apartment #201 was registered with the Office of Price Administration as housing accommodations and hotel room #201-A was registered under the regulations applicable to hotels. On November 30, 1944 the Office of Price Administration issued its Order fixing and approving a schedule of seasonal rates for hotel room #201-A and on March 20, 1945 issued its Order fixing and approving a schedule of seasonal rates for Apartment #201. The rates charged plaintiff for the two accommodations rented by him were not in excess of those approved by the Office of Price Administration.

After these schedules had been approved it came to the attention of the Office of Price Administration that defendants had rented both apartment #201 and hotel room #201-A to the same tenant on the same day, under separate lease agreements and on April 6, 1945 the Rent Director initiated a proceeding under Section 5(c) (1) of the Rent Regulations for housing, to decrease the maximum rents established for said units, and notified defendants, in writing, on that date that he proposed to decrease the maximum rent for these premises from the $6900.00 being charged to a sliding scale set out in the notice. Following receipt of this notice hearings were held and conferences had in which the Office of Price Administration took the position that under the regulations defendants had no right to lease to one tenant an apartment and a hotel room registered under separate schedules on file with the Office of Price Administration and finally inveigled defendants into filing with it a schedule showing the lease of apartment #201 and Hotel Room #201-A, comprising five rooms and two baths, as a single unit, for a total rental of $6900.00 from October 10, 1944 to June 15, 1945.

The evidence shows that this new registration was stamped filed by the Office of Price Administration on June 13, 1945, two days prior to the expiration of the leases of the premises in question. Defendants' agent testified that the registration was prepared at the direction of an official of the Office of Price Administration and left with him with a promise that it would be returned if it was not found satisfactory; that it was not left to be or intended to be filed. However, as soon as it got into the hands of the representative of the Office of Price Administration it was duly filed and marked filed and constitutes the basis of the Order in this case. Under date of July 16, 1945 the Deputy Director of the Office of Price Administration in Miami entered his Order reducing the rents shown in the registration statement from the maximum stated therein to a sliding scale of seasonal rents which resulted, on the basis of this Order, in an overcharge to plaintiff of $2,-866.67 for the period of occupancy covered by plaintiff's leases of the premises in question. When this Order was entered the proceeding initiated by the notice of April 6, 1945 was discontinued.

Defendants appealed the Order of July 16, 1945, of the Miami Area Rent Director to the Regional Office in Atlanta, Georgia, and under date of September 27, 1945 the Order was affirmed and application for review denied. On October 9, 1945 this suit

to recover treble damages and attorney's fee was instituted.

The issue before the court in this case will be better understood by reference at this time to two earlier decisions of this Court. In Govan v. Municipal Bond and Mortgage Company, D.C., 72 F.Supp. 215, I had before me the question of the right of a landlord to rent to one tenant an apartment and an adjoining hotel room at rates approved by the Office of Price Administration for both accommodations. In that case Govan had rented an apartment which was not sufficient for his needs and he asked for and was granted the privilege of renting the first vacant apartment where he could also rent the adjoining hotel room. The accommodations in question had, in the earlier days of rent control, been registered as a single unit, but this registration was cancelled when the Office of Price Administration approved the new registrations for the apartment as one unit and the hotel room as another. It was contended in that case that the landlord could not rent both accommodations to one tenant, and when it did so it had the effect of reviving the old cancelled registration; that rental accommodations were scarce and the Office of Price Administration had approved the new registrations and cancelled the old, solely for the purpose of making more accommodations available to the public. The two units had been registered and the registrations approved by the Office of Price Administration prior to their lease to plaintiff in that case. I held that a landlord and a tenant were within their respective rights in renting separate units in the same building to meet the requirements of the tenant; that such rentals did not revive the cancelled registration; that it required an Order of the Office of Price Administration to reestablish rentals in conformity with the cancelled registration. In Porter v. Boutis, D.C., 71 F.Supp. 732, Judge Holland held to the same effect.

Counsel for defendants, citing Bowles v. Griffin, 5 Cir., 151 F.2d 458, contend that the decisions of this court in Govan v. Municipal Bond and Mortgage Company and Porter v. Boutis are controlling in this case. The court regrets that it is unable to agree with them. As stated above in the Govan and Boutis cases the Office of Price Administration had entered no Orders establishing lower rents. This case differs from the Govan and Boutis cases in that the landlord prepared and left with the Office of Price Administration a registration statement covering apartment #201-201-A, comprising five rooms and two baths, as a single unit, which was marked filed on June 13, 1945, two days prior to the expiration of the leases for the premises in question and their surrender by plaintiff to defendants. Assuming there was a legal filing of this registration statement the statement was filed more than thirty days after the rental of the premises in question and under regulations in effect at the time it was filed, the Office of Price Administration had the authority to enter an Order reducing the rent shown in said statement and to make the same effective as of October 10, 1944, the date of the first rental of the premises. The fact that the Office of Price Administration in its desire to prohibit landlords from leasing needed accommodations beyond a single unit to a single tenant where the tenant's needs required more than one unit, and penalized landlords for so doing, is something Congress has determined shall be of no concern to this court. The Office of Price Administration will have to answer for any sins committed in that respect.

There can be no doubt as to the legality of the filing of the registration statement in question with the Office of Price Administration. There was no legal compulsion upon defendants to prepare the same and place it in the hands of an official of the Office of Price Administration, but having done so that act in and of itself constituted a legal filing of the statement. Under these circumstances the law laid down in Bowles v. Griffin, good as it is, is not applicable to the facts in this case and affords no legal basis for this court holding the Order of July 16, 1945 to be ultra vires and void.

The fact that the Office of Price Administration had approved rates for the two separate units in the Indian Creek Apartment Hotel higher than the rates established for a single occupancy of the two units, as a single unit, affords no legal basis

to disregard the supplemental registration of the two units in question as a single unit or to set aside the Order of the Office of Price Administration under date of July 16, 1945, reducing the rent for these premises as a single unit. The court cannot decide these cases upon considerations of general justice and equity. It is a matter of statutes and valid regulations and what they mean. See Jeffries v. Commissioner, 5 Cir., 158 F.2d 225 and United States v. C. C. Clark, Inc., 5 Cir., 159 F.2d 489.

Counsel for plaintiff contends that the failure of the landlord to refund the excess rent to plaintiff, as required by the Rent Director's Order of July 16, 1945, was either a wilfull violation of the Order or the result of the failure of the landlord to take practical precaution against the occurrence of the violation so as to render defendants liable for treble damages and a reasonable attorney's fee. This is one issue upon which the court does have the authority to determine the facts and the court holds that upon the fact in this case, as found by the court in this Memorandum Decision, plaintiff is not entitled to recover treble damages or attorney's fee.

A Judgment will be entered for the amount of the overcharge, with interest at six percent (6%) from July 16, 1945.